UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVETTE RUBERY,<br>*on behalf of herself and all other employees similarly situated,*<br><br>                                         *Plaintiffs,*<br><br>v.<br><br>THE BODY SHOP INTERNATIONAL PLC,<br>SKIN & HAIR CARE PREPARATIONS INC.,<br>THE BODY SHOP INC., *and* BUTH-NA-<br>BODHAIGE INC.,<br><br>                                         *Defendants.* | CLASS ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL<br><br>Civil Action No.<br><br>_____ |

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff Yvette Rubery individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and under the New York Labor Law, for failure to pay wages and other violations.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

3.  This Court's supplemental jurisdiction of claims arising under New York State Labor Law is also invoked.

4.  Venue is appropriate in the Western District of New York since the allegations arose in this district and plaintiff resides in this district.

## CLASS ACTION ALLEGATIONS

5.  The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6.  The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7.  The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of current and former employees of Skin & Hair Care Preparations Inc., The Body Shop Inc., Buth-Na-Bodhaige Inc. and The Body Shop International plc (collectively, "The Body Shop") who in the last six years were suffered or permitted to work more than 40 hours in a week by The Body Shop, whose job duties included performing sales functions while supervising fewer than two employees and who did not receive compensation at time and one half for hours they worked over 40 in a week. The class includes, without limitation, those employees with the job title of Store Manager, or with any title who performed similar duties of the named plaintiff and were paid as exempt employees.

8.  The class size is believed to be over 250 employees.

9.  The named plaintiff, Yvette Rubery, will adequately represent the interests of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

10. There are no known conflicts of interest between the named plaintiff and the

other class members.

11.     The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

12.     The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13.     Common questions of law and fact predominate in this action because the claims of all class members are based on whether The Body Shop's policy of not paying statutory overtime to exempt and/or nonexempt employees for hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

14.     The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

A.     **Defendants**

15.     All of the named defendants constitute a common, single enterprise and are joint employers under the FLSA.

16.     The defendants employ the named and putative plaintiffs.

17.     Defendant The Body Shop International plc is a corporation with its principal place of business being in London, England.

18.     Skin & Hair Care Preparations Inc. is a wholly owned subsidiary of The Body

Shop International plc.

19. The Body Shop Inc. is a wholly owned subsidiary of The Body Shop International plc and has its principal place of business in Wake Forest, North Carolina.

20. Buth-Na-Bodhaige Inc. is a wholly owned subsidiary of The Body Shop International plc and has its principal place of business in Wake Forest, North Carolina.

21. Upon information and belief, Skin & Hair Care Preparations Inc., The Body Shop Inc. and Buth-Na-Bodhaige Inc. are under the control and dominion of The Body Shop International plc and are also employers of the named plaintiffs and employ some of the putative plaintiffs.

22. Defendants are retailers engaged in the sale of goods crossing interstate lines.

23. Defendants are enterprises engaged in interstate commerce, each of whose annual gross volume of sales made is not less than $500,000.

24. At all times relevant to this action, the defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and comprise an "enterprise" engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**B.    Plaintiffs**

*Named Plaintiffs*

25. Named plaintiff Yvette Rubery resides within the Western District of New York.

26. At all relevant times, Ms. Rubery was an employee of defendants under the FLSA and the New York Labor Law.

*Class and Collective Action Members*

27. The class and collective action members ("Class Members") are those

employees similarly situated to named plaintiff as set forth above.

## FACTUAL BACKGROUND

28. Named plaintiff worked as a store manager for the defendants and, as with the other Class Members, was not paid time and one-half for hours she worked over 40 in a week.

29. Named plaintiff's principal job duty as a store manager included making sales to customers, while supervising fewer than two employees.

30. Named plaintiff and Class Members frequently worked over 40 hours in a week while employed by defendants.

31. Defendants' policy and/or practice was to not compensate named plaintiff and Class Members at time-and-one-half for hours when the named plaintiff and Class Members worked over 40 in a week.

32. When performing this job duty, named plaintiff understood that the defendants knew these positions were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime when named plaintiff and Class Members worked over 40 hours in a week.

33. The defendant's practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

34. This failure to pay overtime as required by the FLSA and the New York Labor Law was willful.

35. Upon information and belief, defendants changed their policy of not paying the Class Members overtime when they work over 40 hours in a week and now pay such overtime, providing further evidence that defendants' prior practice of not paying overtime

was willful.

## FIRST CAUSE OF ACTION
*FLSA*

36. Plaintiffs reallege the above paragraphs as if fully restated herein.

37. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
*New York Labor Law*

38. Plaintiffs reallege the above paragraphs as if fully restated herein.

39. Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendant in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendant from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e) an award of pre- and post-judgment interest; and

(f) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

- 7 -

Dated: July 20, 2004

                                                  DOLIN, THOMAS & SOLOMON LLP

                                                  By: /s/ Michael J. Lingle
                                                  Patrick J. Solomon, Esq.
                                                  Michael J. Lingle, Esq.
                                                  *Attorneys for Plaintiffs*
                                                  135 Corporate Woods, Suite 130
                                                  Rochester, New York 14623
                                                  Telephone: (585) 272-0540
                                                  psolomon@theemploymentattorneys.com
                                                  mlingle@theemploymentattorneys.com

H:\Rubery, Y\Complaint.doc