UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE RUBERY,
*on behalf of herself and all other
employees similarly situated,*

          *Plaintiffs*,

v.

BUTH-NA-BODHAIGE INC.,

          *Defendant.*

Civil Action
04-CV-6337L(F)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**DOLIN, THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
(585) 272-0540

Of Counsel:   Patrick J. Solomon
                   Michael J. Lingle

- 1 -

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion for summary judgment. Because plaintiffs did not customarily and regularly supervise two or more employees, they are not exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").

As the Court is aware, defendant filed a motion for summary judgment which plaintiffs have opposed. To prevail, defendant must prove that plaintiffs were exempt from the FLSA. Defendant argues that plaintiffs fall within the executive exemption to the FLSA which requires that defendant prove both that plaintiffs' primary job duties were management *and* that plaintiffs supervised two or more employees. To prevail on its motion, defendant must prove plaintiffs meet both prongs of the executive exemption.

Conversely, in order for plaintiffs to prevail on their motion for summary judgment, they must only prove that defendant fails one of the elements.

Plaintiffs opposed defendant's motion for summary judgment on two grounds: first, that material questions of fact preclude the Court from finding that management was plaintiffs' primary duty; and second, plaintiffs did not supervise two or more employees.

For purposes of this motion, plaintiffs believe there is no genuine question of fact concerning the number of employees they supervised – plaintiffs regularly and customarily supervised fewer than two full-time employees. Because plaintiffs have shown that they do not supervise two or more full-time employees, they do not meet both parts of the test to be considered exempt executive employees, and summary judgment should therefore be granted in their favor.

## FACTS

Yvette Rubery (referred to herein as "Rubery") filed this action against Buth-Na-Bodhaige Inc. ("The Body Shop" or "defendant") as a collective action under the FLSA, 29 U.S.C. §216(b) for failure to pay wages and overtime.

The complaint seeks to recover on behalf of those employees denied overtime by the defendant's policies. Additional background facts in the case are set forth in plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

With respect to this motion, there is only one central fact: data provided by defendant showing the number of hours worked by employees in Rubery's store demonstrates that in 110 weeks out of 158 weeks, or only 69.6% of the time, Rubery supervised employees working more than 80 total hours. (Plaintiffs' Statement of Facts Not In Dispute ¶ 1; App. Ex.[1] A)[2]

---

[1] Exhibits attached to Plaintiffs' Appendix to Local Rule 56.1 Statement of Material Facts are referenced as "App. Ex."

[2] In the course of this litigation, defendant has provided three different sets of data concerning the number of hours Rubery supervised. Plaintiffs have used the first set of information provided by defendant for purposes of this motion. (App. Ex. A) One other set of data provided by defendant included lunch breaks as time supervised by Rubery. The other set of data shows that Rubery supervised 80 or more hours 77.4% of the time. (Declaration of Bernard R. Siskin, Ph.D. ¶¶ 5, 6)

However, should the Court accept defendant's argument concerning the number of hours constituting full-time employment presented in defendant's motion for summary judgment, as noted in plaintiffs' counsel's affirmation in opposition to defendant's motion for summary judgment, plaintiff needs additional discovery concerning the hours data used by defendant in its motion in order to challenge such data.

## ARGUMENT

**I.  SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE ARE NO ISSUES OF MATERIAL FACT CONCERNING THE HOURS WORKED**

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Frankel v. Bally, Inc.*, 987 F.2d 86, 88 (2d Cir. 1993). As set forth below, plaintiffs are entitled to summary judgment because they did not regularly and customarily supervise two or more full-time employees.

**II.  PLAINTIFF RUBERY SUPERVISED FEWER THAN TWO EMPLOYEES**

The defendant bears the burden of demonstrating that plaintiff was exempt from the overtime requirements of the FLSA. *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) ("[E]xemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."); *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (noting the "general rule that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof"); s*ee also A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 498 (1945); *Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 296 (1959). Defendant cannot meet its burden in this case, and therefore, summary judgment should be granted to plaintiffs.

    A.  **The Executive Exemption**

Under the regulations controlling during the time when Rubery was employed by defendant, the executive exemption applied where an employee (1) was compensated on a

salary basis of not less than $250 per week;[3] (2) the employee's "primary duty" consisted of the management of the enterprise in which the employee was employed…, (3) and included the customary and regular direction of the work of two or more other employees therein.  29 C.F.R. § 541.1(f) (2003).

As noted in plaintiffs' response to defendant's motion for summary judgment, whether Rubery's primary job duties were management is a question of fact.  Plaintiffs' motion is based on the second requirement of the exemption – that they customarily and regularly supervise two or more employees.

The supervision component breaks down into two questions.  First, the Court must determine the number of weekly hours which constitutes two full-time employees.  Second, the Court must consider whether the frequency of weeks in which Rubery supervised two or more employees is customary and regular.  Because Rubery did not customarily and regularly supervise two or more employees, summary judgment should be granted in her favor.

     B.     80 Hour Bright Line Test

The first inquiry, then, is the number of subordinate hours plaintiffs have to supervise to meet the executive exemption.  The clear answer is 80 hours.

The regulations provide that an exempt, executive employee must "customarily and regularly supervise[] at least two full-time employees or the equivalent."  29 CFR §541.105(a) (2003); U.S. Dep't of Labor, *Wage & Hour Op. Letter, dated October 11, 2005* 2005 WL 3308608 (Deputy Administrator stated that two or more employees meant "two full-time employees.").

---

[3]     Plaintiffs do not dispute that this factor has been met.

Courts examining the issue as to the number of hours that constitute two full-time employees have held that 80 hours is the bright line rule and routinely grant summary judgment in favor of the plaintiff where the test is not satisfied. *See Secretary of Labor v. Daylight Dairy Prods., Inc.*, 779 F.2d 784, 787 (1st Cir. 1985) *disapproved on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677 (1988) (noting that the Department of Labor's Field Operations Handbook had established a bright-line rule of 80 hours and "conclude[d] … that the 80-hour rule [was] reasonable."). The issues in the present case are very similar to those litigated by the Secretary of Labor in *Daylight Dairy*.

In *Daylight Dairy*, the Secretary of Labor argued that the defendant had violated the FLSA by failing to pay overtime to retail store managers. *Daylight Dairy Prods.*, 779 F.2d at 786. In affirming summary judgment in favor of the Secretary, the court found that the employer's managers were not exempt from overtime because, in certain cases, they did not regularly and customarily supervise 80 hours of work per week. *Id*. at 788.

Many courts have followed the *Daylight Dairy* 80-hour rule. *See Perez v. Radioshack Corp.*, No. 02 C 7884, 2005 WL 2897378, *4 (D. Ill. Nov. 1, 2005) (noting that the Department of Labor Wage and Hour Division had established a bright-line rule of 80 hours of supervision and granting summary judgment to plaintiffs who supervised fewer than 80 hours) (*citing Secretary of Labor v. Daylight Dairy Prods., Inc.*, 779 F.2d at 787); *Krieg v. Pell's Incorp.*, IP 00-1230-C-T/K, 2002 WL 449797, *6 (S.D. Ind. Jan. 28, 2002) ("The term 'equivalent' used in the regulation means any number of part-time employees that together work a total of eighty hours per week."); *Herman v. Harmelech*, No. 93 C 3458, 2000 WL 420839, *7-8 (N.D. Ill. Apr. 14, 2000) (granting summary judgment to Secretary of Labor where employees on average did not supervise more than 80 hours: "Sensibly, the

Department of Labor has interpreted the 'equivalent' to two full-time employees as any combination of part-time employees collectively working at least 80 hours per week" and "[t]he 80-hour rule has been upheld by the courts as reasonable"); *Jackson v. Go-Tane Services, Inc.*, 99 C 5686, 2000 WL 796172, *4 (N.D. Ill. June 16, 2000) (noting that *Daylight Dairy* and *Herman* had adopted the bright-line rule of 80 hours and denying summary judgment to employer because there were material questions of fact); *Dole v. Papa Gino's of America, Inc.*, 712 F. Supp. 1038, 1044 (D. Mass. 1989) *citing Secretary of Labor v. Daylight Dairy Prods., Inc.*, 779 F.2d at 787 (noting that "[i]n the First Circuit, supervision of two full-time employees working forty-hour weeks is equivalent to supervision of any number of part-time employees, as long as the total number of hours supervised exceeds eighty" and granting summary judgment to plaintiffs on liability); *Marshall, Secretary of Labor v. Hudson Stations, Inc.*, Nos. 77-2172,-2173, 1979 WL 1917, *2 (D. Kan. June 8, 1979) (granting partial summary judgment to Secretary of Labor and holding "we are persuaded that 40 hours per week is the generally accepted standard for full-time employment and applicable to this case.").[4]

    C.    **Customary and Regular Standard**

As noted above, the Court must also consider whether Rubery supervised two or more employees in enough weeks to characterize such supervision as customary and regular.

"Under the regulations, '[the] phrase 'customarily and regularly' signifies a frequency which must be greater than occasional but which, of course, may be less than constant.'" *Perez,* 2005 WL 2897378 at *8 *citing* 29 C.F.R. § 541.701. In the present case, plaintiff only supervised two or more employees 69.6% of the time which is less than regular and customary.

---

[4]    The unusual circumstances exception noted in the Field Operations Handbook, for industries such as banking and insurance, is not applicable here.

The court in *Daylight Dairy* ruled in favor of the Secretary of Labor and held that supervision of 80 employee hours 76% of the time was *not* customary and regular.  779 F.2d at 788.  The issues in the present case are the same issues that were litigated by the Secretary of Labor in *Daylight Dairy*.  In *Daylight Dairy*, the First Circuit affirmed the trial court's grant of summary judgment to the Secretary of Labor.  The First Circuit agreed with the district court's ruling that a supervisor who supervised 80 hours or more only 76% of the time fell short of the "regular and customary" standard.  *Id*.

In *Perez*, the court ruled that an 80% standard was appropriate in light of the case law.  2005 WL 2897378 at *8.  The court noted that "this standard recognize[d] that many retailing employers…have high turnover rates among low level employees," and "[a]n 80 percent standard should not render a management employee's exempt status vulnerable to employee turnover, or other employment variables."  *Id*.  "An 80 percent standard is high enough to ensure that exempt employees are actually regularly engaged in the supervision of such employees."  *Id*. ("The court sees no reason why the vagaries discussed above would occur more than 20 percent of the time; if they do, an employer will be hard pressed to argue that the management employee customarily and regular[ly] supervises two or more full-time subordinates.").

In *Jackson v. Go-Tane Servcs., Inc.*, the plaintiff had raised a material issue of fact regarding whether he had customarily and regularly directed the work of two or more employees.  2000 WL 796172 at *2.  The court denied defendant's motion for summary judgment because there was a question as to whether plaintiff had supervised the equivalent of two full-time employees.  In *Jackson,* the court recognized the 80 hour bright-line rule and denied defendant's motion for summary judgment because it found that there was "a genuine

issue of material fact as to whether [plaintiff] qualifie[d] as a 'bona fide executive.'" *Id*. at *3. In an unpublished decision following trial in the case, the Seventh Circuit affirmed the district court and stated that supervision of 80 employee hours per week 67% of the time was not customary and regular. *See Jackson v. Go-Tane Services, Inc.*, 56 Fed. Appx. 267, n.8 (7th Cir. 2003) (agreeing with the reasoning of *Daylight Dairy*).[5]

### D. Rubery Did Not Customarily and Regularly Supervise Two or More Employees

Here, based on information provided by defendant during the course of this litigation, the data shows that Rubery supervised two or more employees 69.6% of the time.[6] (App. Ex. A) This percentage is less than *Perez's* 80% rule, and is under the percentage applied in *Daylight Dairy*. Plaintiff's 69.6% is also consistent with *Jackson* which merely stated that 67% fell short of the standard (69.6% is very close to 67%). Therefore, a finding that 69.6% falls short of customary and regularly is consistent with all of the above cases: *Jackson*, *Daylight Dairy Prods.*, and *Perez*.

In view of *Perez*, *Daylight Dairy*, and *Jackson*, Rubery's supervision of two or more employees only 69.6% of the time was not customary and regular.

---

[5] The Local Rules of the Seventh Circuit may limit citations to unpublished opinions. However, the decision shows another Court of Appeals application of the customary and regular standard.

[6] In the course of this litigation, defendant has provided three different sets of weekly subordinate hours supervised by Rubery. Plaintiffs have used the first set of hours provided by defendant. One of the other sets provided by defendant includes hours for which subordinate employees were on lunch break. That argument was rejected in *Perez*. 2005 WL 2897378 at *6 (rejecting defendant's lunch break argument because there was a bright line rule "for determining whether an employee customarily and regularly supervise[d] two or more employees" and the defendant cited "no case law or regulatory language" to support its argument). Under defendants third set of numbers, plaintiffs would also prevail because defendant admits that in only 77.4% of the weeks did Rubery supervise 80 or more hours.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court grant summary judgment in favor of plaintiffs.

Dated: February 21, 2006

**DOLIN, THOMAS & SOLOMON LLP**

By:   s/ Michael J. Lingle
 Patrick J. Solomon, Esq.
 Michael J. Lingle, Esq.
 *Attorneys for Plaintiffs*
 693 East Avenue
 Rochester, New York 14607
 Telephone: (585) 272-0540
 psolomon@theemploymentattorneys.com
 mlingle@theemploymentattorneys.com