UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE RUBERY,
on behalf of herself and all other employees
similarly situated,

Plaintiff,

DECISION AND ORDER

04-CV-6337L

v.

BUTH-NA-BODHAIGE, INC.,

Defendant.

Plaintiff Yvette Rubery ("plaintiff") brings this action against defendant Buth-Na-Bodhaige, Inc., ("defendant" or "The Body Shop") pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") and New York Labor Law §651(5)(c) for defendant's alleged failure to pay plaintiff and other Body Shop managers overtime pay. Plaintiff claims that during her tenure as a Body Shop manager from June of 1996 until July 6, 2003, she often worked in excess of forty hours per week, but was not compensated at the requisite overtime pay-rate because she and others had been improperly classified by defendant as "exempt" employees under the FLSA.

On December 16, 2005, plaintiff moved for conditional certification of a collective action under the FLSA (Dkt. 18). On January 17, 2006, plaintiff filed a motion for certification of a class action pursuant to Fed. R. Civ. Proc. 23 (Dkt. 33). Those motions were held in abeyance

with the mutual agreement of the parties, pending the Court's determination of dispositive motions (Dkt. 126). Following the Court's determination of those motions, on March 16, 2007, plaintiff wrote to United States Magistrate Judge Jonathan W. Feldman to request that her certification motions be renewed. (Dkt. 145, Exh. F).

Relying upon the overtime reflected in its internal time records, defendant calculated plaintiff's maximum potential recovery in this action to total $10,537.44. On February 27, 2007, defendant served plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of $11,500.00, plus "reasonable attorneys fees, costs, and expenses actually incurred." (Dkt. 77). Plaintiff did not respond to that offer. Subsequently, plaintiff has filed more than fifty (50) consent forms executed by putative class or collective action members, authorizing the plaintiff to file and prosecute claims on their behalf.[1]

Contending that service of the offer of judgment has effectively divested this Court of subject matter jurisdiction over plaintiff's FLSA claims, defendant now moves to dismiss this action pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(h)(3) (Dkt. 76). For the reasons set forth below, that motion is denied.

## DISCUSSION

The jurisdiction of this Court is confined to actual cases and controversies. U.S. Const. Art. III sec. 2. When a defendant offers a plaintiff all of the relief she seeks, the plaintiff's

---

[1] In its reply, defendant raises concerns that the putative party plaintiffs were obtained through plaintiff's alleged breach of a Confidentiality Agreement which she executed in connection with her resignation from The Body Shop. These allegations are the subject of a separate motion by defendant to strike the consent forms (Dkt. 143). As such, this issue is most appropriately reserved for another day.

personal stake in the litigation is vitiated, and the issues presented are no longer considered to be "live." Fox v. Board of Trustees of State University of New York, 42 F.3d 135, 140 (2d Cir. 1994); Simon v. Doe, 463 F. Supp. 2d 466, 469 (S.D.N.Y. 2006). In these circumstances, subject matter jurisdiction no longer exists and the case is subject to dismissal, since "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983). See also Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck, 433 F.3d 181, 197-198 (2d Cir. 2005); Fox, 42 F.3d 135 at 140.

It is true that this principle has been applied in the context of certain FLSA collective actions where defendants have offered the maximum recovery sought by, or available to, plaintiff. Although the Second Circuit has yet to address the issue, district courts in this circuit have held that a defendant's offer of judgment for a plaintiff's full damages, even if rejected, renders the case moot and subject to dismissal. See Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc., 2007 U.S. Dist. LEXIS 28090 at *7-*8 (E.D.N.Y. 2007); Ward v. Bank of New York, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006); Briggs v. Arthur T. Mott Real Estate LLC, 2006 U.S. Dist. LEXIS 82891 at *11-*12 (E.D.N.Y. 2006).

Conversely, dismissal on mootness grounds is not appropriate where the offer fails to satisfy "all damages for all plaintiffs," such as where the amount owed to plaintiff is in dispute, or where additional plaintiffs have opted in and not been extended offers of judgment. Ward, 455 F. Supp. 262 at 267 (action dismissed as moot where plaintiff fails to dispute defendant's time records or otherwise demonstrate that the offer of judgment is insufficient, and no other individuals have opted into the action). Compare Darboe, 2007 U.S. Dist. LEXIS 28090 at *7-

*8 (action dismissed as moot where the amount owed to plaintiff is undisputed, defendant's offer of judgment exceeds that amount, and plaintiff fails to identify other class members for his potential collective action); Briggs, 2006 U.S. Dist. LEXIS 82891 at *8-*9 (action dismissed as moot where offer of judgment exceeds plaintiff's potential recovery, plaintiff raises no objections to defendant's time records, and no other plaintiffs have opted in, despite opportunity to do so); Vogel v. American Kiosk Management, 371 F. Supp. 2d 122, 128 (D.Conn. 2005) (action dismissed as moot where defendant's offer of judgment exceeds plaintiff's own damages calculations, plus reasonable attorneys fees and expenses) with Raney v. Young & Brooks, 2005 U.S. Dist. LEXIS 43813 at *2 (S.D.Tex. 2005) (action will not be dismissed where defendant's offer of judgment fails to include reasonable attorneys fees and costs, and therefore would not fully compensate plaintiff for the amount sought); Reyes v. Carnival Corp., 2005 U.S. Dist. LEXIS 11948 at *7-*9 (S.D.Fla. 2005) (action will not be dismissed where plaintiff disputes defendant's time calculations and two other persons have opted in); Reed v. TJX Co., 2004 U.S. Dist. LEXIS 21605 at *2 (N.D. Ill. 2004) (action will not be dismissed where defendant's offer of judgment fails to account for "off the clock" time claimed by plaintiff, and additional plaintiffs have opted into the action).

In assessing whether dismissal is appropriate, this Court is mindful of the inherent danger that motions to dismiss grounded on a Rule 68 offer may be wielded as a strategic weapon to frustrate the FLSA's very object – ensuring that every employee receives "a fair day's pay for a fair day's work." A.H. Phillips v. Walling, 324 U.S. 490, 493 (1945). Indeed, courts have traditionally been "wary of attempts by defendants to evade FLSA collective actions by making

Rule 68 offers of judgment 'at the earliest possible time.'" Ward, 455 F Supp. 2d 262 at 268, quoting Reyes, 2005 U.S. Dist. LEXIS 11948 at *10-11.

The same concerns apply to Rule 68 offers in class actions. As the Supreme Court has noted, "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification . . . obviously would frustrate the objectives of class actions." Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980). See also Ward, 455 F. Supp. 2d 262 at 267-268.

In light of the foregoing, defendant's motion to dismiss, made prior to the Court's determination of plaintiff's pending motion for certification of this action as a class action or collective action, is premature. Moreover, more than fifty individuals have executed and filed forms consenting to join the action as a party plaintiff.

Plaintiff also vigorously contends that the amount of defendant's offer of judgment may not fully compensate her, because she has not had sufficient opportunity to confirm the accuracy of the time records defendant produced, and because those records do not reflect additional "off the clock" time for which she is owed payment. Plaintiff makes no attempt to identify any inaccuracies in defendant's records or to specify the amount of "off the clock" time for which she claims overtime is owed, making the alleged insufficiency of defendant's offer of judgment, at best, a close question. Compare Briggs, 2006 U.S. Dist. LEXIS 82891 at *8-*9 (action dismissed as moot despite plaintiff's objection concerning lack of opportunity to review defendant's records, where plaintiff possessed copies of defendant's time sheets and nonetheless failed to challenge them in response to defendant's motion to dismiss) and Ward, 455 F. Supp. 2d 262 at 269 (same) with Reed, 2004 U.S. Dist. LEXIS 21605 at *2 (dismissal is not

appropriate where defendant's offer of judgment fails to account for "off the clock" time claimed by plaintiff). However, in light of my findings that dismissal of plaintiff's FLSA claims at this juncture would be premature in any event, given the pendency of plaintiff's motions for certification and the appearance of more than fifty putative class or collective action members, resolution of that question on this motion is unnecessary.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is denied, without prejudice.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 2, 2007.