UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVETTE RUBERY,
on behalf of herself and all other employees
similarly situated,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    04-CV-6337L

                    v.

BUTH-NA-BODHAIGE, INC.,

                                        Defendant.
_____


          Plaintiff Yvette Rubery ("plaintiff") brings this action against defendant Buth-Na-Bodhaige,

Inc., ("defendant" or "The Body Shop") pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b)

("FLSA") and New York Labor Law §651(5)(c) for defendant's alleged failure to pay plaintiff and

other Body Shop managers overtime pay.  Plaintiff claims that during her tenure as a Body Shop

manager from June of 1996 until July 6, 2003, she often worked in excess of forty hours per week,

but was not compensated at the requisite overtime pay-rate because she and others had been

improperly classified by defendant as "exempt" employees under the FLSA.

          On December 16, 2005, plaintiff moved for conditional certification of a collective action

under the FLSA (Dkt. #18).  On January 17, 2006, plaintiff filed a motion for certification of a class

action pursuant to Fed. R. Civ. Proc. 23 (Dkt. #33).  Those motions were held in abeyance with the

mutual agreement of the parties, pending the Court's determination of dispositive motions (Dkt.

#126).  Following the Court's determination of those motions, on March 16, 2007, plaintiff wrote

to United States Magistrate Judge Jonathan W. Feldman to request that her certification motions be renewed.  (Dkt. #145, Exh. F).  Those motions remain pending.

Defendant now moves to strike certain consent forms filed by putative class members on the grounds that the informal notice mass-mailed by plaintiff to those class members (the "Letter Notice") to solicit the consent forms was improperly issued, and contains false or misleading statements. (Dkt. #143).  Defendant also requests that plaintiff and plaintiff's counsel be sanctioned for issuing the Letter Notice, by way of an order purging the docket of all references to the filed consent forms, and prohibiting the putative plaintiffs who filed them from joining this action or commencing another FLSA action against defendant using plaintiff's counsel.  For the reasons that follow, defendant's motion is denied.

## FACTS

On or about February 27, 2007, defendant made an Offer of Judgment to plaintiff under Fed. R. Civ. Proc. 68.  Plaintiff did not accept the Offer of Judgment, and on March 20, 2007, defendant moved to dismiss plaintiff's complaint under the theory that its Offer of Judgment exceeded the amount plaintiff could reasonably recover, rendering her complaint moot.  (Dkt. #76).

In the meantime, on or about March 16, 2007, plaintiff's counsel made use of a Shop Manager List which plaintiff had obtained during her employment with defendant, to mass-mail the Letter Notice to persons who had been employed by defendant as shop managers.  The Letter Notice, emblazoned with the phrases "Attorney Advertising" and "This is not a court notice," included a copy of the Offer of Judgment, as well as a consent form resembling a class action opt-in form.

Several dozen such consent forms have subsequently been executed and filed by recipients of the Letter Notice.  Ultimately, the Court denied defendant's motion to dismiss, relying in part on the consent forms as evidence of interest in the action.  (Dkt. #121).  The instant motion followed.


## DISCUSSION

Initially, defendant argues that the Letter Notices were improperly issued, due to plaintiff's unauthorized use of the Shop Manager List to generate an address list of putative class members. Specifically, plaintiff provided her attorneys with the List, and plaintiff's counsel then used it, along with publicly-available address listings, to identify the addresses of the putative class members for purposes of mailing the Letter Notice.  Defendant contends that the Shop Manager List is a confidential, proprietary document which is protected by an Employee Confidentiality Agreement signed by plaintiff, in which plaintiff assumes a continuing duty not to "disclose, misuse or misappropriate confidential [company] information."

However, regardless of whether the Shop Manager List is a document covered by the Confidentiality Agreement – a point which plaintiff hotly contests – there is no basis to impute plaintiff's alleged violation of a Confidentiality Order to her attorneys, who are not parties to the Confidentiality Agreement and who exclusively made use of the allegedly misappropriated document.  Simply put, the question of whether plaintiff's disclosure constitutes a violation of her contractual obligations to defendant outside of this lawsuit is not relevant to the issues at hand, to

wit: whether, to whom, and in what form, plaintiff was entitled to issue an informal notice to class

members.[1]

As for the contents of the Letter Notice itself, it is well settled that attorney advertisements

such as the Letter Notice are protected by the First Amendment, so long as they are "not false or

deceptive and [do] not concern unlawful activities." *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466,

472 (1988) (reversing lower court's finding that attorney's mass-mailed advertising letter was

prohibited by ban on targeted, direct-mail solicitation, because the lower court made no finding that

the letter was false or misleading, or that the ban otherwise advanced the substantial government

interest in preventing deception and confusion). *See also Gulf Oil Company v. Bernard*, 452 U.S.

89, 102 (1981) (any limitation on communications between parties and potential class members

should "reflect a weighing of the need for a limitation and the potential interference with the [First

Amendment] rights of the parties").

Here, defendant alleges that the Letter Notice is misleading and inaccurate.  First, defendant

contends that the letter opens with the false statement that plaintiff's counsel obtained the recipient's

name "from documents provided to us by The Body Shop and Plaintiff," when in fact the names

were derived solely from The Shop Manager List, which was provided to plaintiff's counsel by her

alone.  Defendant also notes that the Letter Notice omits key details concerning the description of

the potential class members and the law relative to FLSA exempt status, and fails to mention the start

---

[1]   Defendant offers no authority that would permit the Court to apply defendant's "fruit
of the poisonous tree" argument to the civil context of the instant motion.  Nonetheless,
defendant retains the unfettered right to properly raise and pursue its claims against plaintiff for
any and all damages arising out of her alleged violation of the Confidentiality Agreement.

date cutoff for eligibility, thereby soliciting consent forms from persons who are not part of the putative class.  Finally, the Letter Notice describes and encloses defendant's Offer of Judgment.

Upon review of the Letter Notice, it appears that many of the misstatements identified by defendant may be construed, as plaintiff urges, as innocent oversimplifications of the relevant facts and law, calculated to make the Letter Notice readily comprehensible to laypersons.

Nonetheless, the Court is troubled by some aspects of the Letter Notice.  For example, the first sentence, which informs recipients that plaintiff's counsel obtained their names "from documents provided to [the firm] by The Body Shop and the Plaintiff," implies that The Body Shop voluntarily provided plaintiff's counsel with some or all of the recipients' names and/or addresses, and/or identified them as members of the putative class.  This statement is undeniably false: not only has The Body Shop not provided such information to plaintiff; it has refused to do so unless or until a class is certified, and plaintiff's attempt to compel production of that information is presently the subject of a separate motion (Dkt. #74).  Although plaintiff characterizes the statement as a veiled reference to the fact that the Manager List was *originally* the property of The Body Shop, and goes on to coyly suggest that attributing the list of shop manager names to plaintiff alone would have therefore been incorrect, such rationalization of the Letter Notice's contents is flimsy at best.

The Court is also disturbed by the plaintiff's enclosure of defendant's Offer of Judgment with the Letter Notice.  Offers of Judgment are an infrequently used settlement mechanism, little understood by the public, and defendant's Offer of Judgment contains nothing that would assist the putative class members in understanding the proposed class action.  The Letter Notice does explain that the Offer of Judgment is "not an admission of guilt, but rather a strategic attempt to limit the out

of pocket costs the Company could incur if the case goes forward to trial; is not admissible to prove liability in this case; is not a guarantee that you will recover any particular amount or any amount at all."  However, a disclaimer addressing legal strategy, litigation expenses, admissibility and liability issues is unlikely to be fully understood or appreciated by laypersons, and its inclusion begs the question why plaintiff would challenge the recipients of the Letter Notice with these legal intricacies, while deigning to "burden" them with a more detailed description of the applicable law, the Court's summary judgment ruling defining the class with respect to the managerial "primary duty" test, or even the relevant temporal cutoff for membership in the class.[2]

The mitigating effect of the disclaimer notwithstanding, plaintiff's inclusion of the Offer of Judgment in the Letter Notice poses the danger of misleading the putative plaintiffs into believing that defendant has at least partially conceded the merits of plaintiff's case, or that the putative plaintiffs may reasonably expect to receive similar offers or similar damages if they join the lawsuit.

Despite the foregoing concerns about the Letter Notice's potential to confuse or mislead putative class members, the Court concludes that its deficiencies, on the whole, do not merit the sanctions plaintiff has requested.  Specifically, defendant has failed to show that, absent injunctive relief barring plaintiff's counsel from representing those putative plaintiffs who have executed consent forms, it will be irreparably harmed.  *See generally MONY Group, Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 143 (2d Cir. 2004).  Indeed, imposition of the requested sanctions would work a substantial hardship on the putative plaintiffs while doing nothing to alleviate the litigation

---

[2]  Plaintiff's alleged over-targeting of the recipients by mailing letters to all shop managers on the list, regardless of their start date, is also problematic.  "[A]n inaccurately targeted letter could lead the recipient to believe that she has a legal problem that she does not actually have, or, worse yet, could offer erroneous legal advice."  *Shapero*, 486 U.S. 466 at 476.

burden on defendant, as those persons would still be free to engage in litigation against defendants, but would be deprived of their right to do so using counsel of their own choosing. *See e.g.*, *Niv v. Hilton Hotels Corp.*, 2007 U.S. Dist. LEXIS 52749 at *6 (S.D.N.Y. 2007) (finding that attorney committed ethical violation, but declining to enjoin attorney from continuing representation, because such relief is "an extraordinary and harsh remedy" which would deny plaintiffs of the right to counsel of their choice).

Moreover, the Letter Notice's inaccuracies can be remedied by the issuance of a corrective notice in the event class certification is granted. Thereafter, the Court will make adjustments to the docket as appropriate, to strike the consent forms of any putative plaintiffs who are ultimately discovered not to be properly included of the class.

In so holding, the Court does not overlook the liberties that were taken by plaintiff's counsel in issuing a Letter Notice which opens with a misstatement and concludes by attaching an Offer of Judgment from defendant, both of which serve no purpose other than confuse and/or mislead the recipients. Although the Letter Notice's deficiencies are, as noted above, curable by a corrective notice, additional confusing or misleading communications may not be. Plaintiff's counsel is therefore cautioned to ensure that any and all future contacts with the putative class members are straightforward, accurate, and free of misleading omissions.

## CONCLUSION

For the foregoing reasons, defendant's motion to strike the consent forms filed by putative

class members, and for injunctive relief preventing plaintiff's counsel from representing the putative

plaintiffs in this and future FLSA litigation against defendant, (Dkt. #143) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 2, 2007.