UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVETTE RUBERY
on behalf of herself and all other
employees similarly situated,


                           Plaintiff,

                                                    DECISION AND ORDER

                                                    04-CV-6337L

             V.

BUTH-NA-BODHAIGE, INC.,


                           Defendant.
_____


          Plaintiff Yvette Rubery ("plaintiff") brings this action against defendant Buth-Na-Bodhaige,

Inc., ("defendant" or "The Body Shop") pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b)

("FLSA") and New York Labor Law §651(5)(c) for defendant's alleged failure to pay plaintiff and

other Body Shop Managers overtime pay.  Plaintiff claims that during her tenure as a Body Shop

Manager from June of 1996 until July 6, 2003, she often worked in excess of forty hours per week,

but was not compensated at the requisite overtime pay-rate because she and others had been

improperly classified by defendant as "exempt" employees under the FLSA.

          Pending before the Court is plaintiff's motion for conditional certification of a collective

action under the FLSA (Dkt. #18).  For the reasons that follow, plaintiff's motion is granted.

## FACTS

Plaintiff claims that during her tenure as a Body Shop Manager from June of 1996 until July 6, 2003, she was improperly classified as exempt because she primarily performed sales functions, and did not customarily and regularly supervise two full-time employees or their equivalent. Plaintiff also claims that the Body Shop failed to credit or compensate her for work duties which she performed "off the clock."

In response to an informal class notice from plaintiff, several dozen additional plaintiffs have "opted in" to this action.  Plaintiff now moves for formal, conditional certification of an FLSA collective action (Dkt. #18).

## DISCUSSION

Plaintiff seeks conditional certification of an FLSA collective action, to include:

current or former employees of defendant who had job duties which included performing sales functions while supervising fewer than two employees and who did not receive compensation at time and one half for hours they worked over 40 hours in a week.  The class includes, without limitation, those employees with the job title of Shop Manager, or with any title who performed similar duties of the Named Plaintiff and were paid as exempt employees.

Section 216(b) of Title 29 provides that:

an action to recover [unpaid wages] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Second Circuit has recognized a district court's authority to order that notice be given to potential members of a plaintiff class in actions under this section (generally referred to as "collective actions"), pursuant to the opt-in provisions of the FLSA.  *See e.g.*, *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335 (2d Cir. 1978), *cert. den.*, 441 U.S. 944 (1979).

Courts utilize a two-step process when analyzing motions to certify a collective action under the FLSA.  First, the court determines whether the proposed class members are "similarly situated."  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-1213 (5th Cir. 1995).  If so, the court conditionally certifies the class and orders putative notice to class members, who are then afforded the opportunity to "opt in."  Because a collective action requires written consent from the opt-in plaintiffs, "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice," in order to ensure that the drafting and distribution of the notice is "timely, accurate and informative."  *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 171-172 (1989).

At this early stage,[1] however, the evidentiary standard is lenient, and "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan . . ."  *Scholtisek v. The Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005), *quoting Mooney*, 54 F.3d 1207 at 1213.  In so doing, plaintiff must make a "modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were

---

[1]  The second phase of the FLSA collective action inquiry typically occurs after discovery is complete, often on a motion for decertification of the class by the defendant. *Scholtisek*, 2005 U.S. Dist. LEXIS 14957 at *12-*13.  At that point, the court makes a factual finding, based on the record as developed through discovery, concerning whether the plaintiff class is "similarly situated."  *Id.*  If so, the action may proceed to trial.  If not, the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims.  *Id.*

victims of a common policy or plan that violated the law." *Scholtisek*, 229 F.R.D. 381 at 387,

*quoting Hofmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

The FLSA provides that employees who are "employed in a bona fide executive . . . capacity"

are exempt from its overtime provisions.   29 U.S.C. §213(a)(1).   An employee in an executive

capacity is one who meets the statutory wage threshold, "[w]hose primary duty is management . .

. [w]ho customarily and regularly directs the work of two or more other employees; and [w]ho has

the authority to hire or fire other employees or whose suggestions as to . . . change of status of other

employees are given particular weight."   29 C.F.R. §541.100(a).

Plaintiff alleges that defendant has a policy and practice of violating the FLSA by failing to

pay overtime to Shop Managers who supervise fewer than two full-time employees (that is, fewer

than eighty total "subordinate hours") per week  Plaintiff contends that the defendant maintains over

three hundred store locations, all of which are staffed and operated in a similar fashion, and assigns

all of its Shop Managers similar responsibilities and duties.

Defendant maintains that there is no basis for a collective action because plaintiff has failed

to demonstrate that she is similarly situated to the other members of the proposed class.   Specifically,

defendant claims that plaintiff has failed to show that other Shop Managers primarily engaged in

sales activities, and customarily and regularly supervised fewer than eighty subordinate hours per

week.   For example, defendant notes that out of the several dozen putative plaintiffs who have

already filed consent forms, fewer than half had actually supervised fewer than eighty subordinate

hours per week *at any point* during their employment.   Defendant also urges the Court to apply

- 4 -

heightened scrutiny to plaintiff's certification motion, in light of the substantial discovery that has taken place.

At this juncture, however, plaintiff need not conclusively demonstrate that she and the other putative class members are, in fact, similarly situated. Rather, she must show that she "and potential plaintiffs together were victims of a common policy or plan that violated the law." *Ayers v. SGS Control Servs., Inc.*, 2004 U.S. Dist. LEXIS 25646 at \*4 (S.D.N.Y. 2004). *See also Scholtisek*, 2005 U.S. Dist. LEXIS 14957 at \*22 (" [w]hat *is* important is that these employees were allegedly subject to a common practice or scheme on [their employer's] part"). Morever, notwithstanding the substantial class discovery that has taken place, "it would be inappropriate . . . to require plaintiff to meet a more stringent standard than that typically applied at the early stages of litigation" before discovery is complete. *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853 at \*10-\*11 (S.D.N.Y. 2007), *citing Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. 2006) ("[o]nly after discovery has been completed should the Court engage in a second more heightened stage of scrutiny").

I find that plaintiff has met her burden to demonstrate, by producing affidavits and time records from other Shop Managers which are indicative of a common policy or plan with respect to the duties and supervisory responsibilities of Shop Managers. While there will undoubtedly prove to be variances among the putative class members concerning their duration of employment, the extent to which they performed non-managerial functions, and the percentage of time, if any, that they supervised fewer than eighty subordinate hours per week, plaintiff's fundamental allegation is that defendant denied overtime wages to a number of Shop Managers, by classifying them as exempt

even though their duties and supervisory responsibilities fell short of the requirements of the FLSA's executive exemption.  As such, the class members are "similarly situated *with respect to their allegations* that the law has been violated," and preliminary certification is appropriate.  *Hallissey v. America Online, Inc.*, 2008 U.S. Dist. LEXIS 18387 at *6 (S.D.N.Y. 2008) (emphasis added).  *See also Parks v. Dick's Sporting Goods, Inc.*, 2007 U.S. Dist. LEXIS 20949 at *9-*10 (although similarity considerations might prove dispositive on a "second stage" analysis, evidence of discrepancies between putative class members is insufficient to defeat FLSA certification at the initial stage, due to plaintiff's "relatively lenient" burden to demonstrate that the class members were together subjected to the same wage and hour practices, for which she may rely on "substantial allegations" of such practices).

I do find, however, that a modest modification of the class description is warranted.  While class descriptions are typically modified, if at all, during a court's second tier analysis, "[a]fter discovery, usually in response to a motion by defendant for decertification," some minor revisions at this juncture will allow for a more appropriately limited notice and a more focused inquiry as the parties complete discovery, as well as incorporate the Court's findings on summary judgment with respect to the number of subordinate hours required to have been supervised by putative class members.  *See e.g.*, *Hallissey*, 2008 U.S. Dist. LEXIS 18387 at *8 (revising class description in plaintiff's proposed notice to limit class scope, as part of pre-discovery first tier certification analysis).  Naturally, should the class description later be shown to require additional modifications, they can be made, as appropriate, during a second tier inquiry.  *See Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519 at *5-*6 (S.D.N.Y. 2008) (court "has the power to alter

or modify the class description if subsequent events suggest that it is appropriate to do so"), *citing*

*Catanzano by Catanzano v. Dowling*, 847 F. Supp. 1070, 1078 (W.D.N.Y. 1994).

Therefore, the proposed notice is to be modified to describe the class as follows:

persons employed by defendant with the title of Shop Manager with duties that included the performance of sales functions, who did not customarily and regularly supervise at least eighty (80) subordinate hours per week, and who did not receive compensation at time and one half for hours they worked over forty (40) hours in a week.

Defendant also objects to the form and content of plaintiff's proposed notice, arguing that it improperly lacks a time limit for filing opt-ins, compels putative plaintiffs to use plaintiff's counsel, requests contact information from putative plaintiffs, fails to adequately summarize defendant's position and defenses, and would require the defendant to share the cost of notice to class members, by posting it on company property and facilitating e-mails on the company network. Upon review, I find that the proposed notice is, for the most part, adequate. The proposed notice informs putative plaintiffs of their right to opt-in through counsel of their own choosing, and that defendant is contesting the plaintiff's claims. Counsel's request for contact information from those opting into the class is neither unusual nor inappropriate. With respect to the lack of a time limit for filing opt-ins, the Court will instruct plaintiff, as set forth below, to modify the notice to include a reasonable deadline for response.

Concerning the forms of notice to be given, I agree with plaintiff that it will not be overly burdensome to require defendant to post a hard copy of the class notice on each of its employee common area bulletin boards. However, plaintiff has made no showing that would justify going beyond the belt-and-suspenders approach of utilizing both mailed and posted notices, and requiring

defendant to further notify its employees via company e-mail and newsletter publications.  *See e.g.*, *Sherrill v. Sutherland Global Servs. Inc.*, 487 F. Supp.2d 344, 351 (W.D.N.Y. 2007) (permitting posted and mailed notices, but declining to order that notice be e-mailed to class or published in company newsletter).  Accordingly, I decline to order electronic notice or newsletter publication.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to certify this action as an FLSA collective action, and for expedited notice to class members, (Dkt. #18) is granted.  The Court will certify a class to consist of persons employed by defendant with the title of Shop Manager with duties that included the performance of sales functions, who did not customarily and regularly supervise at least eighty (80) subordinate hours per week, and who did not receive compensation at time and one half for hours they worked over forty (40) hours in a week.

Defendant's counsel shall, within thirty (30) days of the date of this order, provide plaintiffs' counsel with the name and last known mailing address of each current or former employee who, while employed in the title of Shop Manager, supervised fewer than eighty (80) subordinate hours for one or more weeks between March 10, 2002 (the earliest date embraced by the FLSA statute of limitations under the parties' recently canceled tolling agreement) and July 5, 2003 (after which Shop Managers were classified as nonexempt).  If defendant maintains such information electronically, defendant is instructed to produce it to plaintiff in a reasonably accessible electronic format.

Plaintiffs' counsel shall mail the class notice to the class members by first class mail within thirty (30) days of receiving the names and addresses from defendant.  The class notice shall incorporate the modified class description, and include a reasonable deadline for response, not to

exceed sixty (60) days from the date that the notices are mailed.  Furthermore, the class notice shall include language to the effect that recipients may have previously received an informal notice of this lawsuit from plaintiffs, and that although that notice was not official and did not issue from the Court, recipients who already "opted in" in response to that notice are already parties to the action, and need not opt in a second time.

Meanwhile, defendant shall post a copy of the class notice on each of its employee bulletin boards, or other employee common areas where bulletins and information are customarily posted, no more than thirty (30) days after the date upon which it provides name and address information to plaintiffs' counsel, and such posted notices shall remain posted for at least thirty (30) days.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       August 8, 2008